1
2
3
4
5
6
7
8

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Erin S. Weston

9
10
11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| **ERIN S. WESTON**<br><br>     **PLAINTIFF,**<br>**V.**<br><br>**NEUHEISEL LAW FIRM, P.C. AND CACH, LLC**<br><br>   **DEFENDANTS.** | **Case No:** ''12CV2756 AJB  WMC<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Jury Trial Demanded** |

*Hyde & Swigart*
San Diego, California

**INTRODUCTION**

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.  Erin S. Weston, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Neuheisel Law Firm, P.C. and CACH, LLC, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

HYDE & SWIGART
San Diego, California

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.   Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7.   Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

10.  Because Defendants do business within the State of California, personal jurisdiction is established.

11.  Venue is proper pursuant to 28 U.S.C. § 1391.

12.  At all times relevant, Defendants conducted business within the State of California.

## PARTIES

13.  Plaintiff is a natural person who resides in the City of San Diego, State of California.

14.  Defendant Neuheisel Law Firm, P.C. is located in the City of Sacramento, in the State of California.

15.  Defendant CACH is a Colorado Corporation.

16.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

HYDE & SWIGART
San Diego, California

17. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Sometime before August 2003, Plaintiff is alleged to have incurred certain financial obligations to Chase Bank, a nation-wide credit provider.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime thereafter, but before August 2003, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

21. Subsequently, but before August 2003, the alleged debt was assigned, placed, or otherwise transferred, to Defendant CACH for collection.

22. Subsequently, but before January 26, 2012, the alleged debt was assigned, placed, or otherwise transferred to Mandarich Law Group for legal representation and collection.

23. On or about January 26, 2012, Plaintiff retained counsel concerning this alleged debt.

24. On January 26, 2012, counsel for Plaintiff, Hyde & Swigart sent a representation letter to Defendants informing Defendants that Plaintiff was represented by counsel and to cease any direct contact with Plaintiff.

25. Despite this letter being sent to Defendants, the contacts with Plaintiff on her cellular telephone and at work continued.

26. As a specific example, Defendant Neuheisel, on behalf of Defendant CACH, LLC contacted Plaintiff on her cellular telephone on July 31 at 2:55 p.m. Defendant Neuheisel called from a number identified as 916-486-4141.

27. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address.   Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2).

28. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

29. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17, as well as Cal. Civ. Code § 1812.700 and Cal. Bus. & Prof. Code § 6077.5.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

30. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

31.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

32.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

33.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

34.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

35.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- • An award of actual damages pursuant to California Civil Code § 1788.30(a);
- • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: November 14, 2012          By: <u>s/ Joshua B. Swigart</u>
                                 Joshua B. Swigart
                                 Attorneys for Plaintiff